# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORHTERN DISTRICT OF TEXAS
### ABILENE DIVISION

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, | § | |
| INC., a Delaware Corporation, | § | |
| | § | |
| | § | |
| | § | |
| V. | § | CAUSE NO.  1:14-cv-00066-C |
| | § | |
| SUPERIOR HOTELS OF WEST TEXAS, | § | |
| LLC, a Texas Limited Liability Company, | § | |
| JAGDEEPAK SARKARIA, | § | |
| GURBHEJ SANDHU, | § | |
| SUKHRAJ KAUR, and | § | |
| GURDIAL SINGH | § | |

**DEFENDANTS' COLLECTIVE MOTION TO DISMISS PURSUANT
TO F.R.C.P. 12(b)(1) AND ALTERNATIVELY MOTION TO STAY
AND BRIEF IN SUPPORT OF SAME**

Respectfully submitted,
Choate Law Firm, PLLC
P.O. Box 206
Abilene, Texas 79604
(325) 672-5070/672-5073 (FAX)
tomchoate@choatelawoffice.com
mwchoate@choatelawoffice.com

By:_____/s/ Matthew W. Choate
        Thomas W. Choate
        State Bar No. 04214500
        Matthew W. Choate
        State Bar No. 24029479

TABLE OF CONTENTS

| | Table of Authorities | Page 3 |
|---|---|---|
| I. | Nature of the Action | Page 4 |
| II. | Chapter 11 Bankruptcy and Adversary Proceeding | Page 5 |
| III. | Relief Requested and Grounds for Relief | Page 9 |
| IV. | Arguments and Authorities | Page 11 |
| V. | Conclusion | Page 12 |

<u>T</u>ABLE <u>O</u>F <u>A</u>UTHORITIES

<u>CASES</u>

*W. Gulf Mar. Assn v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL–CIO,* 751 F.2d 721, 728 (5th Cir.1985) (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952))                                    Pages 10, 11

*Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976)                                                    Page 10

*Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir.1999)          Page 10

*Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir.1997)          Page 11

*Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 407 (5th Cir.1971)          Page 11

*Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.,* 665 F.3d 671, 678 (5th Cir.2011)  Page 11

*Tex. Instruments Inc. v. Micron Semiconductor, Inc.,* 815 F.Supp. 994, 997 (E.D.Tex.1993)
                                                                        Page 11

<u>STATUTES</u>

Federal Rule of Civil Procedure 12(b)(1)                              Page 4
15 U.S.C. § 1114                                                      Page 5
15 U.S.C. § 1125(a)                                                   Page 5

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORHTERN DISTRICT OF TEXAS
## ABILENE DIVISION

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, | § | |
| INC., a Delaware Corporation, | § | |
| | § | |
| | § | |
| | § | |
| V. | § | CAUSE NO.  1:14-cv-00066-C |
| | § | |
| SUPERIOR HOTELS OF WEST TEXAS, | § | |
| LLC, a Texas Limited Liability Company, | § | |
| JAGDEEPAK SARKARIA, | § | |
| GURBHEJ SANDHU, | § | |
| SUKHRAJ KAUR, and | § | |
| GURDIAL SINGH | § | |

### DEFENDANTS' COLLECTIVE MOTION TO DISMISS PURSUANT TO F.R.C.P. 12(b)(1) AND ALTERNATIVELY MOTION TO STAY AND BRIEF IN SUPPORT OF SAME

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants, SUPERIOR HOTELS OF WEST TEXAS, LLC, a Texas Limited Liability Company ("Superior Hotels"), JAGDEEPAK SARKARIA ("Sarkaria"), GURBHEJ SANDHU ("Sandhu"), SUKHRAJ KAUR ("Kaur"), and GURDIAL SINGH ("Singh") submit this Motion to Dismiss and Brief in Support Pursuant to Federal Rule of Civil Procedure 12(b)(1) (the "Motion").

## I.

## NATURE OF THE ACTION

1.     Plaintiff, Choice Hotels International, Inc. ("Choice"), filed this lawsuit against Defendants, SUPERIOR HOTELS OF WEST TEXAS, LLC, a Texas Limited Liability Company ("Superior Hotels"), JAGDEEPAK SARKARIA ("Sarkaria"), GURBHEJ SANDHU ("Sandhu"), SUKHRAJ KAUR ("Kaur"), and GURDIAL SINGH ("Singh") for Infringement of

Federally Registered Trademark (15 U.S.C. § 1114), False Designation of Origin (15 U.S.C. § 1125(a)), Texas Common Law Trademark Infringement, and Texas Common Law Unfair Competition.

## II.

### SUPERIOR HOTELS BANKRUPTCY AND

### PENDING ADVERSARY PROCEEDING AGAINST CHOICE

2.      Superior Hotels filed its Chapter 11 bankruptcy proceeding in the Northern District of Texas, Abilene Division under Case No. 11-10447-11, on December 5, 2011 (the "Chapter 11 Bankruptcy").  Superior Hotels filed its Schedules and listed Choice as the franchisor of a hotel franchise agreement which Superior intended to assume.  Superior Hotels was current on all fees and in compliance with the franchise agreement at that time.

3.      On May 8, 2012, Choice filed a Proof of Claim in the bankruptcy case claiming it was due pre-petition and post-petition franchise fees as well as liquidated damages for termination of the franchise.  The Proof of Claim was filed by attorney Bill D. Bensinger, on behalf of Choice.

4.      On May 9, 2012, Charles Dick Harris, on behalf of Superior Hotels, wrote Mr. Bensinger stating the Superior Hotels believed all franchise fees had been paid in full and that Superior Hotels intended to assume and keep the franchise agreement in place.  Mr. Harris asked Mr. Bensinger to please notify him if there were any franchise fees or other amounts due under the agreement or if any other defaults existed.  Mr. Harris never received a written reply from Mr. Bensinger.  Later, by telephone, Mr. Harris explained that Superior Hotels intended to assume the franchise agreement and asked if he was aware of any defaults under the franchise agreement.  Mr. Bensinger said he would check, but Mr. Harris never heard back from him.

5.      On November 29, 2012, the Bankruptcy Court entered its Order Approving the First Amended Disclosure Statement and Fixing Time for Filing Acceptances or Rejection of Plan Combined with Notice Thereof.   Copies of Superior Hotels's First Amended Plan of Reorganization ("Plan") and Disclosure Statement were forwarded to all creditors, including Choice, with a Ballot and voting information. The Plan provided, at Section 5.07, as follows:

> **"5.07.   Class 7 Claim (Choice Hotels).**  This Class shall consist of the claim of Choice Hotels which was filed with the Bankruptcy Court on  May 3, 2012, in the amount of $179,391.09, and any amended or additional claims which may be filed by Choice Hotels.  The claim of Choice Hotels related to alleged defaults under a Franchise Agreement dated February 15, 2005, whereby the Debtor operates its hotel property as a Comfort Suites, as well as the incorrect assumption that the Debtor intended to reject the Franchise Agreement as an executor contract.  The claim of Choice Hotels consists, primarily, of liquidated damages for the rejection of the Franchise Agreement.
>
> The Debtor has paid all amounts due to Choice Hotels, both pre-petition and post-petition, and has otherwise complied with the Franchise Agreement and intends to continue to operate as a Comfort Suites hotel pursuant to the Franchise Agreement.  The Debtor shall pay franchise fees to Choice Hotels as they come due and otherwise conform to the terms of the Franchise Agreement. Confirmation of the Plan shall operate as an Order approving the assumption of the Franchise Agreement and a finding that the Debtor is not in default under the Franchise Agreement. The claim of Choice Hotels shall be deemed as disallowed and no payment shall be made to the Class 7 Claim under the Plan.
> The Class 7 Claim is Impaired and the holder of the Class 7 Claim is entitled to vote to accept or reject the Plan."

6.      At Section 7.01, Superior Hotel's' Plan provided "The Debtor specifically assumes the Franchise Agreement with Choice Hotels and the hotel management agreement with Emerald Twinklestar Roofs, Inc.".

7.      Choice did not object, vote on the Plan or respond in any way.

8.      On January 3, 2013, a hearing was held on confirmation of the Plan and on January 4, 2013 the Court signed its Order Confirming Plan.  The confirmed Chapter 11 Plan constitutes a judicial determination that Superior Hotels has "paid all amounts due to Choice

Hotels, both pre-petition and post-petition, and has otherwise complied with the franchise agreement".

9.      Less than one (1) month after confirmation, on February 1, 2013, Choice sent the Debtor a notice that its franchise had been terminated as a result of default letters dated January 5, 2012 and January 7, 2013.  The alleged defaults occurred prior to confirmation of the Chapter 11 Plan.

10.     After being contacted by Debtor's attorney, Choice eventually reinstated the franchise but, out of an abundance of caution, the Debtor paid the amounts that Choice claimed were due, even though the Plan provided that there was no default.  Debtor has paid all amounts owed under the Franchise Agreement since confirmation.

11.     On September 26, 2013 Debtor received a second notice of termination from Choice, this time contending the franchise was being terminated as a result of alleged defaults occurring before and after confirmation.  Debtor denies these defaults occurred or that it was given sufficient notice and opportunity to cure any alleged defaults as are required by the Franchise Agreement.

12.     A previous termination letter from Choice claimed that termination was the result of default letters dated January 5, 2012 and January 7, 2013.  Both of these notices referred to alleged defaults occurring prior to the confirmation Order and therefore were not valid grounds for termination.   In responses to Choice's February 26, 2013 Notice of Default, although Superior Hotels did not agree that it owed to Choice the financial obligations / fees, etc., included therein, Superior Hotels paid all such fees and expenses in cure of that Notice of Default.

13.  Ultimately, a September 26, 2013 Notice of Termination was sent to Superior Hotels

terminating the franchise, and indicating that same was due to Superior Hotels's brand average Likelihood to Recommend (LTR) scores.  Superior Hotels maintains that (a) it is not in default of the Franchise Agreement based upon its LTR scores; (b) the September 26, 2013 Notice of Termination does not comport with the terms, conditions and requirements of the Franchise Agreement for termination; (c) and Choice's repeated and unwarranted attempts to terminate or otherwise disrupt the Franchise Agreement (and Superior Hotels's ongoing business) reached the level of harassing and are believed to be in bad faith and are in violation of the Plan.

10.     In that September 26, 2013 Notice of Termination, it is pointed out by Choice that its February 26, 2013 Notice of Default correspondence pointed out that Superior Hotels had materially defaulted on its obligations to "maintain the brand average Likelihood to Recommend (LTR) scores…".  This correspondence, sent the month following confirmation of the Plan, describes and complains of alleged defaults that occurred prior to confirmation.

11.     Since September 26, 2013, Choice has failed and refused to reinstate or otherwise honor the Franchise Agreement.

12.     On June 10, 2013 the Chapter 11 Bankruptcy was closed, and was subsequently reopened by the Order Reopening Case entered in the Chapter 11 Bankruptcy on November 14, 2013.

13.     Choice's wrongful termination of the Franchise Agreement is based primarily, if not solely, on alleged defaults that occurred prior to confirmation of the Plan.

14.     On December 3, 2013, Superior Hotels filed its Original Adversary Complaint against Choice in *Case No. 13-01084-rlj; Superior Hotels of West Texas, LLC v. Choice Hotels International, Inc.; in the U.S. Bankruptcy Court for the Northern District of Texas, Abilene, Division* (the "Adversary Proceeding").  In the Adversary Proceeding, Superior Hotels brings

claims and causes of action against Choice for declaratory relief, breach of contract (relating to the Franchise Agreement), fraud, unjust enrichment and promissory estoppel.  The Adversary Proceeding is currently pending.

## III.

### RELIEF REQUESTED AND GROUNDS FOR RELIEF

15.    The Adversary Proceeding was filed by Superior Hotels based upon its claims that the Franchise Agreement was wrongfully terminated by Choice.  It is the belief and position of Superior Hotels that Choice wrongfully terminated the Franchise Agreement in violation of the Plan in the Chapter 11 Bankruptcy for alleged defaults that substantially occurred prior to the confirmation of the Plan.  Superior Hotels disputes the occurrence of the defaults as detailed by Choice in the respective Notices of Termination provided by Choice, and as reference herein above.  This litigation is based out of the exact same relationship and operative set of facts and circumstances.  At the crux of this litigation and the already pending Adversary Proceeding is a dispute between Choice and Superior Hotels of the Franchise Agreement.  Absent from the Adversary Proceeding are the individual defendants named herein, being Sarkaria, Sandhu, Kaur, and Singh.  However, if Choice believes that Sarkaria, Sandhu, Kaur, and/or Singh are parties necessary to the dispute, Choice certainly has the right and option to join them as parties to the Adversary Proceeding, under the applicable rules of the Federal Rules of Civil Procedure. Regardless of whether or not Choice would choose to join Sarkaria, Sandhu, Kaur, and/or Singh as parties to the Adversary Proceeding, their individual inclusion in this litigation does not change the fact that this litigation and the Adversary Proceeding are attempts to adjudicate the exact same set of facts, circumstances and claims for relief.

16.    Superior Hotels seeks relief herein in the form of a dismissal of this proceeding pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively, a stay of this proceeding

pending the entry of a final and unappealable judgment in the Adversary Proceeding.

# IV.

# ARGUMENTS AND AUTHORITIES

*Motion to Dismiss*

17.     This Court should dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24, S. Atl. & Gulf Coast Dist. of ILA, AFL–CIO,* 751 F.2d 721, 728 (5th Cir.1985) (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952)).  "As between federal district courts, ... the general principle is to avoid duplicative litigation."  *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).  "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n,* 751 F.2d at 729.

18.     Toward this end, the Fifth Circuit adheres to the "first-to-file rule," which states that "when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 603 (5th Cir.1999).  This rule "maximize[s] judicial economy and minimize[s] embarrassing inconsistencies" by permitting a district court to "prophylactically refus[e] to hear a case raising issues that might substantially duplicate those raised by a case pending in another court." *Id.* at 604.

19.     The first-to-file rule not only determines which court may decide the merits of substantially similar issues but also establishes which court may decide whether the second suit filed must be dismissed, stayed, or transferred and consolidated. Under Fifth Circuit precedent, "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.,* 121 F.3d 947, 950 (5th Cir.1997).  In other words, "[i]n the absence of compelling circumstances the court initially seized of a controversy should be the one to decide whether it will try the case." *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 407 (5th Cir.1971).

### These Two Actions "Substantially Overlap"

20.     There can be no dispute that the case before this Court, filed on February 17, 2014, was filed subsequently to the Adversary Proceeding, which was filed on December 3, 2013.  The rule for a "likelihood of substantial overlap" does not require that the claims or even the parties be identical. *See Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.,* 665 F.3d 671, 678 (5th Cir.2011); *W. Gulf Mar. Ass'n,* 751 F.2d at 731 n. 5.  Instead, "all that need be present is that the two actions involve closely related questions or common subject matter ...." *Tex. Instruments Inc. v. Micron Semiconductor, Inc.,* 815 F.Supp. 994, 997 (E.D.Tex.1993).

21.     That these two actions substantially overlap can hardly be denied; both arise from the very same transactions and occurrences and are based upon the termination, wrongful or otherwise, of the Franchise Agreement.  The Franchise Agreement is the crux and heart of each action, and the claims and facts involved in both can do nothing but substantially overlap.  To the extent necessary, Superior Hotels incorporates herein by reference its claims and factual assertions raised within its Amended Adversary Complaint, filed in the Adversary Proceeding on

May 23, 2014.  Additionally, a true and correct copy of same is included herewith (together with its referenced exhibits" and filed as Exhibit "A" within the Appendix filed herein in support of this Motion.

### Alternative Motion to Stay

22.     Pleading in the alternative, if same be necessary, Superior Hotels asks that this proceeding be stayed and/or abated pending the entry of a final and unappealable judgment in the Adversary Proceeding.

## V.

## CONCLUSION

23.     This litigation is based out of the exact same relationship and operative set of facts and circumstances as are found within the Adversary Proceeding.  At the crux of this litigation and the already pending Adversary Proceeding is a dispute between Choice and Superior Hotels related to the Franchise Agreement, and ultimately Choice's termination, wrongful or otherwise, of same.  The two actions involve closely related questions or common subject matter.  The Adversary Proceeding was filed first.  As such, it is proper for this Court to dismiss this action based upon a lack of subject matter jurisdiction, or alternatively to stay same pending the entry of a final and unappealable judgment in the Adversary Proceeding.

Respectfully submitted,

Choate Law Firm, PLLC
P.O. Box 206
Abilene, Texas 79604
(325) 672-5070/672-5073 (FAX)
tomchoate@choatelawoffice.com
mwchoate@choatelawoffice.com

By:_____/s/ Matthew W. Choate_____
        Thomas W. Choate
        State Bar No. 04214500
        Matthew W. Choate
        State Bar No. 24029479


ATTORNEYS FOR DEFENDANTS


### CERTIFICATE OF SERVICE

I do hereby certify that on June 2, 2014, a true and correct copy of the above and foregoing document was served in accordance with the Federal Rules of Bankruptcy Procedure upon all counsel and parties who have appeared herein and/or requested notice and service of pleadings and upon the parties herein via the Court's CM/ECF electronic notification system.


_____/s/ Matthew W. Choate_____
Matthew W. Choate